McKinney, J.,
delivered the opinion of -the Court.
This action was brought against the plaintiff in error, as keeper of a public ferry on the Cumberland river, for the value of a mule lost by drowning in crossing *220 at said ferry. Verdict and judgment were rendered in favor of the plaintiffs for $170 damages. We think there is no material error in the record.
1. The several pleas of the defendant, which were struck out by order of the Court, were all immaterial, except the first, or, at most, amounted only to the general issue. The first plea of the general issue, not guilty, though not altogether unexceptionable in point of form, was, perhaps, good in substance, and not inappropriate to the true gravamen of the action, as laid in the declaration. But though this plea was improperly struck oiit, the plaintiff in error cannot, under the circumstances, ask a reversal of the judgment for that cause; inasmuch, as under a less formal and less appropriate plea — a sort of plea of non-assumpsit — he was permitted to bring out and avail himself fully of all the various matters of defence upon which he saw fit to rely. The irregularity complained of, therefore, however subject to criticism, does not constitute error affecting the merits of the cause for which the judgment ought to be reversed.
2. There is no error to the prejudice of the plaintiff in the instructions of the Court. A ferryman is liable as a common carrier. 2 Kent’s Com., 598; Story on Bailments, 506, 507. It avails the plaintiff nothing, in this action, that, by an order of the County Court, pursuant to the act of 1842, ch. 134, sec. 3, he was excused from having “hand-rails” fixed upon his ferry-boat, for the greater security of “stock.” This exemption from the general requirement of the statute does not diminish, or in any way affect his duties or liabilities as a ferry-keeper upon the general principles of the common law. *221 Irrespective of the statute of 1842, the keeper of a public ferry is bound to have a boat, safe and sufficient, for all the uses and purposes .incident to his employment. He is likewise bound at all times to have a skilful ferryman, and a sufficient force to manage the boat, and to take proper care of persons and all kind of property received for transportation; and for all loss or injury occasioned by neglect ' of these duties and precautions, he is liable.
Applying these principles to the facts of the present case, the judgment is clearly correct.
Judgment affirmed.